No. 21,494.

*In re* the Estate of SAMUEL BURKHART, Deceased. (JOHN T. WEAVER, *Appellee,* v. JOHN W. SKINNER, as Administrator, etc., *Appellant.*)

SYLLABUS BY THE COURT.

GUARDIAN AND WARD—*Contract for Maintenance of Ward—Contract Performed—Additional Compensation Refused.* The guardian of the plaintiff's brother made a contract with plaintiff by which the latter was to board and care for his brother for $2.75 per week. He presented each month for several years his bill for compensation at this rate, which the guardian paid him during the time the brother remained with him. His brother died, and an administrator was appointed for the estate, when the plaintiff filed a demand against the administrator for additional compensation, claiming that the services rendered were worth more than he had been paid. *Held,* on the facts stated in the opinion, that the court should have sustained a demurrer to the evidence.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed May 11, 1918. Reversed.

*W. P. Hackney,* and *L. D. Moore,* both of Winfield, for the appellant.

*S. A. Smith,* of Winfield, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Samuel Burkhart and John T. Weaver were half brothers. Samuel Burkhart, who was unmarried, was advanced in years and was weak-minded. He owned 160 acres of land in Cowley county, near Winfield. Sometime in 1912 he was adjudged incapable of transacting business, and John W.

Skinner was appointed his guardian. He went to live with Weaver at the latter's home, under an arrangement between the guardian and Weaver by which the guardian purchased enough land from Weaver upon which to build a room for Samuel to live in, and Weaver agreed that if this were done he would board and care for Samuel, for which he was to receive $2.75 per week. The sum of $392.86 was expended by the guardian in building an addition to Weaver's house and in repairing and enlarging the part owned by Weaver. Samuel Burkhart continued to board with Weaver until December 20, 1916, when he was removed to a hospital, where he died January 2, 1917. During the time he remained with Weaver, the latter presented to the guardian each month his account for the compensation agreed upon and was paid the amount due according to the terms of the agreement. Shortly after Samuel Burkhart's death Weaver presented to the guardian, and was paid, his claim of $8.00, being the amount due for the portion of the month of December prior to the time his brother was taken to the hospital. Thereafter the guardian filed his final report, and the probate court discharged him as guardian. After the guardianship matter had been closed, John W. Skinner was appointed administrator of the estate of Samuel Burkhart, deceased. Weaver then filed a demand against the estate, in which he claimed to be entitled to compensation for the board and care of Samuel Burkhart from January 1, 1914, to May 7, 1916, at the rate of $15 a month, and at the rate of $1 a day for 221 days' board and care from May 7, 1916, to December 20, 1916, aggregating $647. The matter was appealed to the district court, where a trial resulted in a judgment in plaintiff's favor against the estate for the sum of $400. The administrator brings the case here for review.

The theory upon which Weaver seeks to recover against the estate is best explained by his own testimony. He testified that he had an understanding with the guardian that he was to be paid $2.75 a week "to take care of Samuel and look after him, board him and do his washing." He was then asked: "Was that a reasonable and fair price for the board at the time when it was made?" Over the objections of counsel for the administrator, he testified that it was not a fair contract the last year or two of Samuel Burkhart's life; and again, over

objections, was permitted to testify that he did not think it was a fair contract at the time it was made. He admitted that he felt some moral obligation to take care of his half brother, who had no other place to go, and who wanted to live with him. The court overruled objections to his testimony that reasonable compensation for his brother's board, in view of the cost of living, was $3.50 a week; that the cost increased about half a dollar a week each year until the last year or two; and that a reasonable compensation for the board alone would be from $4.50 to $5 a week; and further, that after his brother suffered a paralytic stroke in May, 1916, it was worth, in his opinion, $15 a week to board and care for him. Mrs. Weaver testified that at two or three times she complained to the guardian that they were not getting enough compensation. Her testimony, which was quite vague and uncertain, was:

"Well, so far as I remember, Mr. Skinner said he would pay us more in the future; something similar to that; I don't just remember.

"Q. Said he did n't have the money now, but intimated that he might have later? A. Something similar to that."

The plaintiff himself did not testify to any agreement with the guardian for additional compensation.

We think the court should have sustained the administrator's demurrer to the evidence. The plaintiff admitted making a contract with the guardian to board and take care of his brother for $2.75 a week, and the uncontradicted evidence shows he presented each month a bill to the guardian for compensation at the agreed rate, which the guardian duly paid. He relies on the testimony of Mrs. Weaver to the effect that she had some kind of an understanding with the guardian that at some indefinite time in the future he would pay more, and upon the claim that the services rendered were worth more than the compensation agreed upon. The plaintiff had no claim against his brother in the latter's lifetime, because Samuel Burkhart was under the care of a guardian. After Samuel's death, and before the appointment of an administrator, the guardian paid the balance claimed to be due according to the terms of the agreement. The compensation may have been inadequate, but it was the amount agreed upon in the contract; and besides, the evidence shows that part of the consideration agreed upon consisted of the money expended by the guardian in repairing and

fixing up that part of the property belonging to Weaver. By presenting his claim each month for the compensation fixed by the contract, and accepting payment therefor, the plaintiff is estopped from claiming that an increased rate had been agreed upon, or that he is entitled to recover more because the services rendered were worth more than the contract price.

The judgment is reversed and the cause remanded with directions to sustain the demurrer to the evidence.