No. 33,513

MABEL WALKER, *Appellant*, v. DIXIE FROCKS, INC. (or DIXIE SHOPS), *Appellee*.

(73 P. 2d 1009)

Opinion filed December 11, 1937.

*L. R. Meador* and *L. A. Hasty*, both of Wichita, for the appellant.

*George Austin Brown* and *Leonard A. Levand*, both of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for wages. Judgment was for defendant. Plaintiff appeals.

Defendant is a company operating a ladies' ready-to-wear store in Wichita. Plaintiff was a saleslady employed by that company. Plaintiff worked from February 25, 1935, until April 4, 1936, for certain hours overtime, that is, in excess of fifty-four hours a week. Her salary during that time was $13.50 for a fifty-hour week.

In her first cause of action she asked judgment for 1,957.34 hours overtime on a basis of a fifty-hour week at the rate of $13.50 for a fifty-hour week, or an aggregate of $528.53.

In her second cause of action she stated that she had left the employ of the defendant with wages due and owing her, that is, $528.53; that defendant had not paid her and she therefore asked for judgment at the rate of $13.50 a week for the period from the time she left the employ of defendants until bringing suit.

The plaintiff proved the number of hours she worked overtime, that is, in excess of fifty-four hours a week; that the commissioner

of labor and industry of Kansas had ordered the maximum hours per week for a woman employee in a mercantile establishment should be fifty-four hours, and her contract salary. Upon this she rested her case.

At the close of the plaintiff's evidence the trial court sustained the defendant's demurrer to it because it did not prove the cause of action in favor of the plaintiff.

The plaintiff appeals from that order.

The plaintiff relies on G. S. 1935, 44-649. That section is as follows:

"That any employer who employs any woman, or minor, learner or apprentice in any occupation at less than the minimum wage or for a greater number of hours in a day or week fixed or under sanitary or other conditions forbidden by order or license issued by the court of industrial relations, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than twenty-five ($25) dollars nor more than one hundred ($100) dollars for each such misdemeanor. Any woman or minor or learner or apprentice who shall receive less than the minimum wage or shall be compelled to work for a greater number of hours than that fixed by order or license issued by the court of industrial relations, shall be entitled to recover in a civil action the full amount of the legal minimum wage, and compensation at the same rate for the number of hours of overtime work as herein provided for, together with costs and attorney's fees to be fixed by the court, notwithstanding any agreement to work for such lesser wage or greater number of hours. In such action, however, the employer shall be credited with any wages which have been paid upon account."

It is realized by all parties that neither the court of industrial relations in Kansas nor any other body with similar authority has fixed a minimum wage. Indeed, the provision providing for a minimum wage has been held to be a violation of the constitution. (See *Topeka Laundry Co. v. Court of Industrial Relations*, 119 Kan. 12, 237 Pac. 1041.)

Plaintiff, however, points to the provision in the above section providing that any woman who shall be compelled to work for a greater number of hours than fixed by the order of the court of industrial relations as a maximum shall be entitled to recover in a civil action compensation at the same rate for the number of hours of overtime work. Her argument is that the above clause must be construed to mean that she is entitled to receive compensation for her overtime at the rate per hour which she was receiving under her contract, since no minimum wage was ever fixed. It is the position of the defendant that the language above referred to does not mean

the employee should recover compensation at the contract rate for which she was working, but was intended to mean that she might recover compensation at the rate of the minimum wage the statute contemplated the court of industrial relations would fix. If the position of the defendant is correct, then the decision of the lower court was correct. Unless we hold that the statute means the worker should receive pay for overtime at the contract rate there is no rate in the law at which she should receive pay. We have examined the section carefully and conclude that the position of the defendant is the correct one, that is, the statute provided for a minimum wage and provided punishment for any employer who would not obey that order. An additional penalty also was provided for the benefit of the worker, that is, the worker should receive pay for overtime at the minimum rate. The subject is dealt with in the same section and it would require judicial legislation for this court to hold that what the legislature meant was that the overtime should be paid for at a contract rate. As this case now stands, it falls under the rule laid down in *Sheets v. Eales,* 135 Kan. 627, 11 P. 2d 1020. There the court held as follows:

"Under the employment contract and the evidence of plaintiff offered in support of his claim for extra services of a kind similar to those to be performed under the contract, at a stipulated compensation, as stated in the opinion, plaintiff is not entitled to added compensation for extra services or overtime, the contract not having stipulated that additional compensation should be paid for overtime or for such extra services." (Syl. ¶ 1.)

It follows that the order of the trial court sustaining the demurrer of defendants is correct as to both causes of action, since the second cause of action depended upon the first.

The judgment of the trial court is affirmed.