KEITH, Respondent, *v.* KOTTAS, Appellant (Two Cases).

No. 8643
Submitted May 21, 1946.  Decided June 28, 1946.
172 Pac. (2d) 306

Mr. Leo J. Kottas, of Helena, in pro per.

Mr. Sherman W. Smith, of Helena, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Defendant has appealed from judgments rendered against him in two actions which were consolidated for trial.

The actions were brought to recover for services rendered as manager of the Capital Cigar Store in Helena and as bartender. In one action recovery is sought for such services from August 9, 1942, until September 23, 1943, which were alleged to have been performed by plaintiff for Howard Orville Fox. In the other, recovery is sought for such services from September 23, 1943, the date of the death of Howard Orville Fox, until January 28, 1944, and which were alleged to have been performed at the implied instance and request and with the consent and permission of the defendant as administrator with the will annexed and the relatives of Howard Orville Fox.

In both actions plaintiff alleges the presentation to the administrator of a claim against the estate and his failure to act thereon. The claim in each case is for "overtime work done by Claimant * * * in an average of five (5) hours per day overtime work * * * at a rate of $1.00 per hour, for such overtime work." In each complaint it is alleged that plaintiff was paid for a regular eight hour per day shift each day throughout the period involved. Overtime pay of $1 per hour is alleged to be the reasonable value of such overtime work.

In the one case judgment was sought for $233 and in the other for $2,450. The jury returned a verdict for plaintiff in each action for the amount demanded. The appeal is from judgments entered on the verdicts.

The determinative question presented by the appeal is whether the court erred in denying defendant's motions for nonsuit and directed verdict.

These motions were based, among other grounds, upon the proposition that before a person can recover for overtime work and services he must show an express contract to pay therefor where, as here, the overtime work was similar in character to the services for which he was paid the regular daily wages. The evidence shows that plaintiff's work during the period claimed as overtime was similar to the work performed

on the regular shift. He paid himself for his work by taking the money from the till. Being the manager, he could come and go as he pleased. The plaintiff admitted that there was no agreement between him and Fox for overtime pay. He was to receive according to his testimony $9 per day to live on. No demand was ever made upon Mr. Fox during his lifetime for overtime pay.

Under these circumstances it was error to deny defendant's ██ ██ motion for non-suit and directed verdict. In Doane v. Marquisee, 63 Mont. 166, 206 Pac. 426, 427, this court declared the applicable rule as follows: ''The rules of law which govern a case of this character are well settled. Whenever the extra work performed is of a character different from that contemplated by the original contract of employment, its performance by the employee and acceptance by the employer will raise an implication that extra compensation was intended therefor. Sowash v. Emerson, 32 Cal. App. 13, 161 Pac. 1018. On the contrary, all services rendered by the employee during his employment which are similar in character to his regular duties are presumed to be compensated for by the stipulated wage or salary, and to overcome this presumption the employee must discharge the burden of proving the existence of an express contract by the terms of which extra compensation was to be made for the extra services rendered. Jerome v. Wood, 39 Colo. 197, 88 Pac. 1067, 12 Ann. Cas. 662, and note; United States v. Martin, 94 U. S. 400, 24 L. Ed. 128; 18 R. C. L. 534.''

To the same general effect are Robinette v. Hubbard Coal Min. Co., 88 W. Va. 514, 107 S. E. 285, 25 A. L. R. 212; Leahy v. Cheney, 90 Conn. 611, 98 A. 132, L. R. A. 1917D. 809; Walker v. Dixie Frocks, 146 Kan. 812, 73 Pac. (2d) 1009; Sheets v. Eales, 135 Kan. 627, 11 Pac. (2d) 1020 and Hurt v. Edgell, 147 Kan. 234, 75 Pac. (2d) 834. But plaintiff contends that the foregoing cases do not apply here.

There was evidence that when plaintiff went to work for Fox he did so with the understanding that he was a partner in the business and that he was to share in the profits as a partner,

and that he rendered the services for overtime on that supposition and that since he is unable to prove the partnership a quasi-contractual relationship between him and Fox will be implied and recovery of the reasonable value of the services permitted. He relies upon the case of Schaeffer v. Miller, 41 Mont. 417, 109 P. 970, 137 Am. St. Rep. 746. In that case plaintiff gave to defendant $5,000 pending negotiations for the purchase of land and which was to be applied on the purchase price. The negotiations failed and no contract was reached. Defendant returned $4,000 thus paid to him and the action was to recover the other $1,000. The statute of limitations was interposed as a defense and the question arose whether the action was one on contract not founded upon an instrument in writing. The court held it was by holding that a contract is implied by law.

The obligation in a proper case arises not from the consent of the parties but from the law of natural justice and equity, and is based upon the doctrine of unjust enrichment. 12 Am. Jur. ''Contracts,'' sec. 6, pp. 502, 503.

That the rule has no application to facts such as we have here is clear.

Thus in 12 Am. Jur., p. 505, it is said: ''There cannot be an express and an implied contract for the same thing existing at the same time. It is only when parties do not expressly agree that the law interposes and raises a promise. No agreement can be implied where there is an express one existing.'' And see 17 C. J. S., Contracts, sec. 5, p. 321; Kennedy v. B. A. Gardetto, Inc., 306 Mass. 212, 27 N. E. (2d) 957, 129 A. L. R. 453; Chandler v. Washington Toll Bridge Authority, 17 Wash. (2d) 591, 137 Pac. (2d) 97; In re Murphy's Estate, 110 Colo. 304, 134 Pac. (2d) 199; and Sparks Milling Co. v. Powell, 283 Ky. 669, 143 S. W. (2d) 75.

There are exceptions to this rule referred to on page 505 of 12 Am. Jur., but we think this case does not come within any of the recognized exceptions. The fact that defendant and the heirs denied the existence of a partnership, as testified to

102

by plaintiff and the fact that plaintiff found it impossible to prove the existence of the partnership did not warrant the court in implying a promise to pay for the reasonable value of the overtime work. If plaintiff could prove the existence of the partnership, then his remedy was to seek his rights as a partner. His inability to prove the existence of a partnership furnishes no basis for an implied contract to pay the reasonable value of the overtime work.

Since the action is and must be based upon the claim presented, and the claim being for overtime work, and there being no express agrement for the payment of overtime, and the case not warranting application of the doctrine of a promise implied by law, the court erred in denying defendant's motion for nonsuit and directed verdict.

It appearing affirmatively from plaintiff's proof that he cannot recover, no useful purpose would be subserved in remanding the case for a new trial. The judgment is accordingly reversed and the cause remanded with directions to enter judgment for defendant for his costs.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair, and Cheadle concur.

Rehearing denied Sept. 19, 1946.