No. 37,484

Joint Consolidated School District No. 2, by and through W. A. Engelhardt, a householder of said district, *Appellant*, v. Harry H. Johnson, J. K. Nelson as clerk, and J. E. Vawter as treasurer of Joint Consolidated School District No. 2 (also known as the Oakley Consolidated School District), and The American Surety Company of New York, *Appellees*.

(203 P. 2d 242)

Opinion filed March 5, 1949.

*Clifford R. Holland*, of Russell, argued the cause, and *Walker Wm. Smith*, of Russell, was with him on the briefs for the appellant.

*J. H. Jenson* and *Corwin C. Spencer*, both of Oakley, were on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: This was an action prosecuted by the plaintiff school district, acting at the instance of a qualified elector, wherein recovery was sought against the defendants for alleged unlawful expenditures of the funds of the school district, and from a judgment in favor of the defendants the plaintiff appeals. In a previous appeal the right to maintain the action was determined. (*Joint Consolidated School Dist. No. 2 v. Johnson,* 163 Kan. 202, 181 P. 2d 504.)

The petition contains twenty-five causes of action, but except for the particular payment made, one cause is like all others, and we need notice but one. For present purposes, the petition alleged the status of the parties and that on May 4, 1943, the individual defendants, acting as the school board adopted a motion "To pay the teachers a bonus in bonds and stamps" and naming certain teachers and the amount each was to receive; that D. W. Cowan, payment to whom constitutes the first cause, was a teacher under

a written contract; that pursuant to the adoption of the motion, the defendant treasurer issued a warrant to Cowan for $75 in excess of any indebtedness due him and at a time the school district was not obligated in any way in that sum and that payment constituted a payment from school funds of a gift, gratuity, or bonus, all of which was known to the individual defendants, and was a wrongful, unauthorized and unlawful use of the funds of the school district.

· Vawter, individually and as treasurer of the school district and the surety company filed their answer, in which they denied issuance of any warrant to Cowan and alleged that at the beginning of the school year in the fall of 1942 the school board learned that a number of teachers and employees for the school year were subject to draft into the military service of the United States and would in all probability be called into such service; that upon receipt of such information the school board attempted to find replacements for such employees, if called, and learned that no teachers or replacements were obtainable and that if school was to be maintained, it would be necessary that the remaining teachers or other employees shoulder the burden and carry on the work of any employees so lost; that thereupon the school board and the school superintendent advised the employees of the district of the situation described, and that in the event of any loss of any of the said employees all of the employees would start school at 8:00 a. m. and remain at the school buildings until 4:30 p. m., and that in such event and the faithful discharge of the duties of the lost employees by the remaining employees, the school board would see that the remaining employees were paid a reasonable amount for the extra work and labor so performed, but in no event any amount greater . than the amount saved by the school district from any salaries not paid by virtue of the loss of any employees. The answer then alleged in detail about the loss of four employees and the hiring of two part-time employees, and that the remaining employees took over the work of the lost or retiring employees, not only during the school day but in outside school activities, were on duty from 8:00 a. m. to 4:30 p. m. including the full noon hour, and, in substance, performed every duty of the lost employees; that each remaining employee was required to and did spend one hour and fifteen minutes each day in excess of the school day contemplated in all of the several contracts of employment with the school district, and that in addition thereto the remaining employees spent

many hours in preparing examination papers, grading papers and in study and research work in order to prepare themselves for and to take over and perform the duties and work of the lost employees. It was further alleged that the value of the services so performed was far in excess of $1,600 and less than the amount saved by the school board, followed by allegations as to the amount paid each teacher, the total thereof being $1,499.98; and that the fair and reasonable value of the services rendered by the employees to whom payment was made was worth far more than the amount actually paid by the school board for such services in U. S. bonds and stamps. Defendants prayed for judgment in their favor.

Plaintiff's reply was a general denial and an allegation the answer failed to state facts sufficient to constitute a defense.

During the course of the trial the trial court denied plaintiff's motion for judgment on defendants' opening statement; overruled plaintiff's demurrer to defendants' evidence; and at the conclusion of the trial rendered judgment in favor of the defendants. Plaintiff's motion for a new trial was denied and appeal to this court followed.

Appellant first contends the trial court erred in not sustaining its motion for judgment on the defendants' opening statement. Summarized appellant's argument is that if the answer did not state a defense it was the duty of the court to render judgment in favor of the appellant (citing *Lindley v. A. T. & S. F. Rld. Co.,* 47 Kan. 432, 28 Pac. 201; *Stewart v. Rogers,* 71 Kan. 53, 80 Pac. 58; and *Smith v. Jones,* 145 Kan. 892, 67 P. 2d 506); that the teachers' contracts, in order to be valid, must have been in writing (citing G. S. 1935, 72-1026, amended in 1943 and now G. S. 1947 Supp. 72-1028; and *Sinclair v. Board of Education,* 115 Kan. 434, 222 Pac. 766; and *Petrie v. Sherman County High School,* 134 Kan. 464, 7 P. 2d 104); that the appellees' answer and their opening statement showed there were written contracts entered into prior to the school year for stated wages for the various employees and that the money paid and involved in this action was paid, not under those written contracts, but by virtue of an oral contract, and admittedly being paid under oral and not written contracts the defense asserted was not sufficient in law.

The allegation of the petition admitted by the answer was that each employee entered into a written contract with the school district to teach during the period or term from July 1, 1942, to June

30, 1943, at a stated salary. Although not to be considered on the instant question, a contract later introduced showed employment for a term of ten months commencing August 1, 1942. Under the statute in force when the written contracts were made a school month consisted "of four weeks of five days each, of six hours per day" (G. S. 1935, 72-1106) and it is therefore to be assumed that the wages paid were for time so measured. It is clear from the answer and opening statement that the payments made and here complained of were for services over, above and beyond the time fixed by statute. It may be observed that when the proposal for extra work was made it was entirely contingent. No one then knew whether any employee would be drafted, or if any were drafted how many would be, how many of the teachers who remained would undertake the extra work and expend the extra time required to do it, nor the amount of money that would be available, under the proposal, to compensate those who remained and performed the extra work.

But did the fact there was no written contract prevent the school board from paying for the service rendered? In the early case of *Jones v. School District,* 8 Kan. 362, the teacher had no written contract, although the statute then in force provided that teachers' contracts "shall be in writing." In holding the school district liable it was said the school district could not have the teacher's service without compensation and the teacher could recover, not the stipulated price in the oral contract, but the reasonable value of the services actually performed. Under the allegations of the answer in the instant case the services rendered by the employees of the school board were of a fair and reasonable value in excess of the amount actually paid to them. In our opinion the allegation that certain employees performed services over and above those required by the terms of their written contracts, warranted the school board in paying them the amounts which would otherwise have been paid to other teachers under written contracts for those services which the latter class of teachers were unable to perform under the circumstances pleaded, and that the trial court did not err in ruling on the motion for judgment on the defendants' opening statement.

Under one heading appellant argues its contentions that the trial court erred in overruling its demurrer to the defendants' evidence, and that it erred in not rendering judgment in favor of the appellant. As we understand its contention, it is not that defendants' evidence

did not prove the allegations of their answer. It is that appellant had proved the written contracts for services, and that compensation was fixed under those contracts, and although that compensation may have been inadequate, the employees by accepting monthly payments of compensation were estopped to claim that any increased rate had been agreed upon, citing *Weaver v. Skinner*, 103 Kan. 97, 172 Pac. 1024. That contention overlooks the fact that as to services performed under the written contracts for services to be performed thereunder, there was no claim for additional compensation. Any compensation for duties to be performed over and above those under the written contracts was not determinable until the close of the school year, and until that time the amount to be divided and the number of employees among whom it was to be divided was not determinable, therefore no individual employee was entitled to any monthly payment and under the circumstances there could be no estoppel. Appellant's contention that the employees worked under written contracts, and there was no agreement for extra services and that there is a presumption that all services rendered by an employee during the period for which he is employed and of a nature similar to those required of him in the course of his regular duties, are paid for by his salary, and to overcome this presumption he must show an express agreement for extra compensation (citing *Sheets v. Eales*, 135 Kan. 627, 11 P. 2d 1020, and *Walker v. Dixie Frocks, Inc.*, 146 Kan. 812, 73 P. 2d 1009) needs no discussion in view of the proof made, and concerning which there is little or no dispute in the record.

Appellant also directs attention to G. S. 1943 Supp. 10-801, providing that all warrants shall be drawn to the order of the person entitled to receive the same, and that the term "warrants" includes all orders of any kind authorized by law, and to the evidence that instead of issuing an individual warrant to each employee, a single warrant for "Defense Bonds for Bonus" was issued and cashed, and bonds or stamps were purchased with the proceeds and delivered to the employees. We place no stamp of approval on the failure of the school board to comply literally with the statute, but even though the procedure followed was a deviation therefrom, the result was exactly the same, and we cannot reverse for the reason advanced.

Some argument is also made, predicated on the use of the word "bonus" in the motion adopted by the school board, that the pay-

ment was a gratuity. It is also contended, in effect, that if employees ceased their employment, the unpaid wages constituted a balance which remained in the school district funds and should have been carried forward to the next budget year (G. S. 1943 Supp. 79-2934). The trial court answered such a contention when it said in deciding the case: "I don't care whether you call it a bonus or what you may call it, it was payment for work done outside these contracts."

Appellant's argument that the trial court erred in denying its motion for a new trial presents nothing not already considered.

The judgment of the trial court is affirmed.

SMITH and ARN, JJ., not participating.