No. 89-329

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

FINN and VIRGINIA WALSTAD;
and NORDAK INDUSTRIES, U.S.A., INC.,

        Plaintiffs and Appellants,

  -vs-

NORWEST BANK OF GREAT FALLS OR NORTHWESTERN
BANK OF GREAT FALLS; THE ECONOMIC GROWTH COUNCIL
OF GREAT FALLS; and NORWEST INCORPORATED, a
Minnesota corporation,

        Defendants and  Respondents.

'89 DEC 20 PM 3 01 FILED
ED SMITH, CLERK
MONTANA SUPREME COURT

---

APPEAL FROM:  District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Terry W. Mackey, Cheyenne, Wyoming
        Howard F. Strause, Great Falls, Montana

    For Respondent:

        Robert S. Vermillion; Smith, Baillie & Walsh, Great
        Falls, Montana (Economic Growth Council, Cross-Appellant)
        James A. Poore, III; Poore, Roth & Robinson, Butte,
        Montana    (Norwest, etc)
        David L. Hashmall; Popham, Haik, Schnobrich & Kaufman,
        Minneapolis, Minnesota   (Norwest, etc)

---

              Submitted on Briefs:  Oct. 20, 1989
                  Decided: December 20, 1980

Filed:

_____
                Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

This is an appeal and cross-appeal from an order of the District Court of the Eighth Judicial District granting Norwest Bank of Great Falls' motion for summary judgment and Finn and Virginia Walstads' motion to amend their complaint allowing the addition of Nordak Industries, Inc. as a party plaintiff against the Economic Growth Council. We affirm in part and reverse in part.

Appellants Finn and Virginia Walstad are the sole shareholders and directors of Nordak Industries, USA, Inc., a Montana corporation. As part of an expansion program, Nordak borrowed funds from Norwest Bank of Great Falls (Norwest) and the Economic Growth Council (EGC). Walstads were guarantors of these loans which were also secured by Nordak's assets. Subsequent to borrowing these funds, Nordak underwent a period of financial difficulty. Walstads allege that EGC's failure to qualify for a Small Business Administration program that would have lowered Nordak's interest rate coupled with both defendants' mismanagement of Nordak's business affairs culminated in the forced transfer of Nordak's assets pursuant to an assignment executed by Nordak in favor of Norwest.

The Walstads' complaint, filed January 6, 1986, included counts of breach of loan agreements, fraud and negligent misrepresentation, negligence, tortious interference with business and alleged vicarious liability on the part of Norwest, Incorporated (Norwest, Inc.). Both Norwest and EGC counterclaimed for the remainder of the loans to Nordak due under the Walstads' guaranty. Walstads moved to amend their complaint to add Nordak as a party plaintiff on August 11, 1987. The District Court permitted

the amendment as to EGC but denied the amendment as to Norwest.

Walstads appeal from the District Court's denial of their motion to amend as to Norwest while EGC cross appeals the District Court's grant of the motion to amend as to EGC. Both Norwest and EGC filed motions for summary judgment which the District Court granted as to the Walstads, based on the absence of genuine issues of material fact and the propriety of judgment in favor of respondents as a matter of law.

Walstads' first contention on appeal is that the District Court improperly refused to permit amendment adding Nordak as a party plaintiff as against Norwest. We affirm.

The Montana Rules of Civil Procedure allow amendment of pleadings with the district court's permission or the consent of the adverse party if such amendment would further the ends of justice. Rule 15(a), M.R.Civ.P. Rule 15(a) has been interpreted liberally, allowing amendment of pleadings as the rule and denying leave to amend as the exception. Priest v. Taylor (1987), 227 Mont. 370, 378, 740 P.2d 648, 653. One exception to the general rule arises when the amendment would be subject to dismissal. Halpert v. Wertheim & Co., Inc. (S.D.N.Y. 1979), 81 F.R.D. 734.

The District Court correctly found that Nordak's claims against Norwest are barred because Nordak expressly and voluntarily transferred and assigned to Norwest all its assets including its legal claims on August 25, 1983.

The Agreement assigning Nordak's claims to Norwest is clear and unambiguous. The Agreement provided:

> 3. Concurrent with the execution of this Agreement, NORDAK will execute and deliver such bills of sale and other documents reasonably necessary to vest in NORWEST all of NORDAK'S . . . d) All contract rights, and all other rights to payment of every type and description, excluding only that certain claim of

3

> NORDAK against Dyecraftsman, Inc. currently being prosecuted in Cause No. BDV-82-015 in the District Court of the Eighth Judicial District of the State of Montana; and any rights of action or claim against Great Falls Economic Growth Council . . .

Montana law is clear that where the language of a written contract is clear and unambiguous, the court is to apply the contractual language as written. Kartes v. Kartes (1981), 195 Mont. 383, 387, 636 P.2d 272, 274.

> [I]ntent of the parties is only looked to when the agreement in issue is not clear on its face. (Citation omitted.) Where the contractual language is clear and unambiguous on its face, it is this Court's duty to enforce the contract as drafted and executed by the parties. (Citation omitted.)

Monte Vista Co. v. Anaconda Co. (Mont. 1988), 755 P.2d 1358, 1362, 45 St.Rep. 809, 814. The Walstads attempt to characterize the August 25, 1983 Agreement as a release in order to argue that there is a dispute regarding the intent of the parties to release Norwest. Citing Tribby v. Northwestern Bank of Great Falls (1985), 217 Mont. 196, 704 P.2d 409. Tribby did not involve a transfer and assignment of rights or legal claims. The Agreement in this case is not a settlement by one joint tortfeasor with a plaintiff. The Agreement also does not bar Nordak's claims against Norwest because Nordak "released" Norwest; it bars Nordak's claims because Nordak transferred away its right to assert claims except those specifically reserved by the Agreement.

The District Court also correctly found that any claim Nordak may have had against Norwest is barred by the statute of limitations, § 27-2-204, MCA. All of the claims against Norwest are essentially tort claims. The proposed amended complaint was filed August 11, 1987. The cause of action

4

against Norwest accrued at the time of the Agreement, August 25, 1983, more than three years before the proposed amendment.

Appellants argue that pursuant to Rule 15(c), M.R.Civ.P., the amendment to add Nordak as a party plaintiff relates back to the filing of the original complaint and thus is not barred by the three-year statute of limitations on tort actions. Section 27-2-204, MCA. We addressed for the first time whether a second plaintiff's cause of action related back to the filing of the original complaint in Tynes v. Bankers Life Co. (1986), 224 Mont. 350, 730 P.2d 1115. The decision in that case was founded in the policies underlying the enactment of statutes of limitations, and, when the defendant has "adequate notice of a claim against it," has an opportunity to prepare a reasonable defense, and is not subject to undue prejudice, the second plaintiff's cause of action will relate back. Tynes, 730 P.2d at 1120-21.

The first plaintiff in Tynes alleged the defendant wrongfully refused to provide insurance coverage for plaintiff's psychiatric treatment in violation of the policy held by plaintiff's father. Tynes, 730 P.2d at 1119. The first plaintiff's father, as second plaintiff, sought to bring causes of action against the defendant for breach of contract, promissory estoppel, and negligence. Tynes, 730 P.2d at 1121. We found in that case that:

> Permitting [father's] claims against [defendant] to relate back to the date of [son's] original complaint did not undermine [defendant's] ability to defend itself. The claims of the two parties are nearly identical. They arise from the exact same "conduct, transaction, or occurrence set forth . . . in the original pleading" as required by Rule 15(c), M.R.Civ.P. The pleadings contain the same causes of action. Finally,

> there is a "clear identity of interest"
> between [son] and [father]. [Father] was
> the original insured. He agreed . . . to
> be responsible for [son's] medical bills
> incurred at Wilson Center. The only
> difference in the two pleadings is
> damages. Under these circumstances, we
> do not believe [defendant] was prejudiced
> when the trial judge allowed [father's]
> claims to relate back to the date of
> [son's] original complaint.

Tynes, 730 P.2d at 1120-21.

Walstads, as directors of Nordak, neglected any claims Nordak may have been entitled to assert against the defendants for approximately four years. Nordak's alleged injuries result from defendants' loan of money to it. Walstads' alleged harm derived from their guarantee of Nordak's loans. While collateral, these transactions are not identical. Furthermore, Nordak and Walstads had no "clear identity of interest." The claims of Nordak and Tynes as well as the facts of both cases are distinguishable. The District Court's denial of leave to amend as regards Norwest and Norwest, Inc. is clearly an appropriate exception to Rule 15(c).

The District Court's order did allow the Walstads to amend the complaint which added Nordak as a party plaintiff against EGC. EGC has filed a cross appeal. We reverse. The District Court allowed the amended complaint to be filed against EGC because the Agreement expressly reserved to Nordak the right to assert legal claims against the Economic Growth Council of Great Falls.

However, the amended complaint alleges that Nordak's claims against EGC arose prior to September of 1983. The claims against EGC included negligence, tortious interference with business, and breach of fiduciary duty. Obviously, § 27-2-204, MCA, applies to EGC based on the foregoing

discussion and EGC is also entitled to have the claims against it dismissed.

Walstads further contend the District Court erred in granting summary judgment in favor of both defendants based on the lack of a separate duty owed by the defendants to Walstads as shareholders and guarantors of Nordak. We affirm.

A shareholder guaranteeing corporate loans may recover individual damages from the lender provided that a duty separate from that owed the corporation exists. Bottrell v. American Bank (Mont. 1989), 773 P.2d 694, 710, 46 St.Rep. 561, 579.

We previously held that when corporate shareholders personally guarantee corporate debts, the shareholders may not recover as individuals for the lender's breach of the covenant of good faith and fair dealing and negligent misrepresentation absent a separate duty owed to the shareholders. Bottrell, 773 P.2d at 709.

Walstads' alleged damages are substantially similar to those suffered by the plaintiff in Bottrell. In neither case did the guarantor/shareholders establish either a separate duty owed them by the lender or damages distinct from those suffered by the corporation. Bottrell, 773 P.2d at 710. We find no abuse of discretion in the District Court's grant of summary judgment.

We affirm the District Court's order denying Walstads permission to add Nordak as a party plaintiff as against Norwest and reverse its order permitting addition of the same as against EGC. We affirm the District Court's grant of respondents' motions for summary judgment.

_Diane J. Bar_
Justice

7

We concur:

_John Conway Harrison_

_John C. Sheehy_

_R. C. McDonough_

_[signature]_

Justices