No. 14835

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

E. D. WESTON,

          Plaintiff and Appellant,

     vs.

MONTANA STATE HIGHWAY COMMISSION,
a body politic,

          Defendants and Respondents.

Appeal from:  District Court of the First Judicial District,
              Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

     For Appellant:

          Patrick Flaherty, Boulder, Montana

     For Respondents:

          Jack A. Holstrom, Legal Div., Dept. of Highways,
          Helena, Montana

Submitted on briefs: January 25, 1980

Decided: FEB 8 - 1980

Filed: FEB 8 - 1980

Thomas J. Kearney
_____
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an action for the recovery of allegedly unpaid overtime compensation filed in the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, the Honorable Gordon R. Bennett presiding. Appellant's original complaint was filed in District Court on June 13, 1972, and respondent thereafter moved for dismissal. The motion for dismissal was then converted into a motion for summary judgment on January 23, 1979 and granted by the District Court on May 9, 1979.

From 1963 to 1971, appellant in this matter, Eldridge Weston, was employed by the Montana State Department of Highways. Appellant is now retired. During the tenure of his employment, appellant received two employment classifications. He was first classified as a "sectionman". A sectionman is a person who is assigned a portion of roadway and is charged with fulfilling primarily maintenance duties upon that roadway. The maintenance duties include driving trucks, running a motor patrol and loader, and doing patrol work. A sectionman may also have some supervisory duties. In 1964, appellant was reclassified as a "Maintenance Supervisor I." The classification resulted from an employment contract between the Montana Highway Commission and the Public Employees Craft Council, the union representative for Highway Maintenance Division employees. The position of "Maintenance Supervisor I" included supervisory duties and a specified monthly salary.

Appellant alleges that he performed primarily and substantially non-supervisory work during his employment. It is upon this basis and the following provision of his

employment contract that he alleges he is entitled to over-time compensation for hours he worked in addition to his usual workweek:

> "Eight (8) hours shall constitute a day's work and forty (40) hours shall constitute a work week. All time worked in excess of eight (8) hours in any one work day, or all time worked in excess of forty (40) hours in any one week, or on days other than the designated work week, shall be paid at the rate of one and one-half times the regular rate . . ."

Two other provisions of the employment contract, however, provided:

> "Pay for Overtime or Holiday Work. Overtime, when worked will be based on one and one-half times employee's regular salary rate for the preceding normal shift. (Employees in Maintenance Supervisor I and II groups are supervisory employees and as such are expected to work such extra time over and above the eight (8) hour day and/or the forty (40) hour week without additional compensation as may be required to discharge their responsibilities.
>
> ". . .
>
> "Supervisory Personnel, including Maintenance Supervisor I, are expected to work over the normal work day and/or work week as necessary to discharge their responsibilities. Supervisory personnel will not receive overtime or call-out pay . . ."

The District Court held in granting the summary judgment that the express terms of the employment contract were clear and unambiguous. It further held that there was no need for further interpretation and parole evidence, since the contract expressly covered the subject of overtime. Upon that basis, the motion for summary judgment was granted.

The issue presented to this Court for review is whether the District Court erred in granting summary judgment and refusing appellant the right to offer additional evidence extraneous to the contract.

Controlling in this matter is section 27-2-202, MCA,

which bars appellant from recovering any unpaid wages due prior to June 13, 1964. The appellant's right to wages vested on each payday, and thus on each payday his cause of action accrued for wages earned during that period. See Cartwright v. Joyce (1970), 155 Mont. 478, 486-487, 472 P.2d 515, 519-520, wherein the Court held that when services are rendered over an extended period of time, the term of employment is indefinite and the time for the payment is not expressly provided for, a statute of limitations commences at the end of each month for services performed during the month (applying section 39-2-602(2), MCA); Barrett v. National Malleable & Steel Casting Company (D. Pa. 1946), 68 F.Supp. 410, 417; Keen v. Mid-Continent Petroleum Corporation (D. Iowa 1945), 63 F.Supp. 120, 129, affirmed 157 F.2d 310, 316; and Smith v. Continental Oil Company (D.N.Y. 1945), 59 F.Supp. 91, 93.

Under the fact situation presented here, there is no question that the appellant entered into an employment contract, was classified as a supervisor, and pursuant to that contract, was expressly exempt from recovering overtime compensation. The language in the contract is clear and unambiguous. We find no need for further interpretation and/or parole evidence; see sections 28-3-401, 28-3-303, MCA. The contract expressly covers the subject of overtime wages, and there is no need for construction of any implied contract.

We held in Keith v. Kottas (1946), 119 Mont. 98, 101, 172 P.2d 306, 308, that there can be no express and implied contract for the same thing existing at the same time.

In addition it should be noted that the appellant at no time pursued the grievance procedure provided by the employ-

ment contract with the State.

The cause of action having arisen during the time of the 1889 Constitution and reference having been made to same, we note that under that Constitution, Article XVIII, sections 4 and 5, and under section 39-4-107, MCA, there is no right to receive overtime compensation on the part of the appellant. Article XVIII, section 4 is not self-executing but is dependant upon legislative enforcement. Article XVIII, section 5; see State v. Boykin (1973), 109 Ariz. 289, 508 P.2d 1151, 1154. Section 39-4-107, MCA states in pertinent part:

> "A period of 8 hours constitutes a day's work in all works and undertakings carried on or aided by any municipal or county government, the state government, or a first-class school district, and on all contracts let by them, and for all janitors (except in courthouses of sixth- and seventh-class counties), engineers, firefighters, caretakers, custodians, and laborers employed in or about any buildings, works, or grounds used or occupied for any purpose by such municipal, county, or state government or first-class school district. A period of 8 hours constitutes a day's work in mills and smelters for the treatment of ores, in underground mines, and in the washing, reducing, and treatment of coal. In cases of emergency when life or property is in imminent danger this subsection does not apply."

The purpose of this statute was not to create a duty to pay overtime wages but rather to compel employers to restrict their employees' workdays to 8 hours. See State v. Livingston Concrete Bldg. & Mfg. Co. (1906), 34 Mont. 570, 87 P. 980. The remedy for the violation of this statute is provided in 39-4-107(4), MCA, which does not cover overtime compensation.

The appellant has argued that section 39-3-208, MCA be applied as an additional remedy. The section cannot be applied for at the time this action was initiated, the State

of Montana was specifically excluded from the class of employers covered by the Payment of Wages Act. Section 41-1301(3)(b), R.C.M. (1947). In addition, at that time there was a six month time limit to apply this remedy. See section 41-1304, R.C.M. (1947). Here the appellant did not institute this suit until nearly a year after his last cause of action had accrued.

The action of the District Court in granting summary judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-