No. 00-583

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 280

ARTHUR SCHIMMEL,

Petitioner and Appellant,

v.

MONTANA UNINSURED EMPLOYERS FUND,

Respondent,

JASPER EXPRESS, INC.,

Employer.

APPEAL FROM: Montana Workers' Compensation Court

The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Norman H. Grosfield, Attorney at Law, Helena, Montana

For Respondent:

Kevin Braun, Uninsured Employers Fund, ERD, Helena, Montana

For Employer:

Dean K. Knapton, Attorney at Law, Kalispell, Montana

Submitted on Briefs: January 18, 2001

Decided: December 19, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Arthur Schimmel appeals from the Findings of Fact, Conclusions of Law and Judgment issued by the Workers' Compensation Court dismissing his petition for workers' compensation benefits. The following issue is dispositive of Schimmel's appeal: whether the Workers' Compensation Court erred when it determined that Schimmel's employer, Jasper Express, Inc., was not required to provide Schimmel with workers' compensation coverage. We reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

¶2 Arthur Schimmel was injured on November 18, 1998, while loading posts onto a trailer in Missoula County, Montana. At the time of the accident, Schimmel was employed by Jasper Express as a long-haul truck driver and resided in Trout Creek, Montana. Jasper Express operates a long-haul trucking business and is incorporated and maintains its place of business in the State of Washington.

¶3 Jasper Express did not have Schimmel covered under a Montana workers' compensation insurance plan. Schimmel filed a claim for benefits with the Uninsured Employers' Fund ("Fund") which denied his claim. Schimmel then filed a petition for benefits against Jasper Express and the Fund in the Workers' Compensation Court seeking a determination that Jasper Express should have provided him with workers' compensation insurance coverage. Jasper Express moved to dismiss, arguing, among other things, that Schimmel was not an employee pursuant to the Act because his employment duties were neither primarily carried out in Montana nor controlled within Montana. The Workers' Compensation Court denied Jasper Express's motion to dismiss. The court observed that the evidence did not "establish whether claimant spent more time in any state other than Montana, only that he drove less that 50% of his total miles in Montana."

¶4 Trial was held on April 10, 2000. On June 28, 2000, the Workers' Compensation Court

issued its Findings of Fact, Conclusions of Law and Judgment. The court concluded that Jasper Express was not required to maintain workers' compensation insurance coverage for Schimmel because Schimmel was not an "employee" as defined by the Act. Correspondingly, the court also held that the Uninsured Employers Fund was not liable for Schimmel's claim. Schimmel appeals.

## STANDARD OF REVIEW

¶5 We review the Workers' Compensation Court's findings of fact to determine whether they are supported by substantial credible evidence. *Matthews v. State Compensation Ins. Fund*, 1999 MT 225, ¶ 5, 296 Mont. 76, ¶ 5, 985 P.2d 741, ¶ 5. We review the Workers' Compensation Court's conclusions of law to determine whether they are correct. *Matthews*, ¶ 5.

## DISCUSSION

¶6 Did the Workers' Compensation Court erred when it determined that Jasper Express was not required to provide Schimmel with workers' compensation coverage?

¶7 The Workers' Compensation Court concluded that Jasper Express was not required to insure Schimmel because Schimmel was not an "employee" as defined by § 39-71-118, MCA. In so deciding, the court relied on § 39-71-118(10)(a), MCA, which provides that an "employee or worker in this state" is defined as "a resident of Montana who is employed by an employer and whose employment duties are primarily carried out or controlled within this state." The court found that Schimmel was not an "employee" for purposes of workers' compensation coverage because his employment duties were neither primarily carried nor controlled within Montana.

¶8 We conclude the Workers' Compensation Court erred when it relied on § 39-71-118(10)(a), MCA, to exclude Schimmel from the statutory definition of "employee." Section 39-71-401(1), MCA,[1] provides that "the Workers' Compensation Act applies to all employers, as defined in 39-71-117, and to all *employees,* as defined in 39-71-118." (Emphasis added.) Section 39-71-118(1)(a), MCA, provides in relevant part that the term "employee" means "each person in this state, including a contractor other than an independent contractor, who is in the service of an employer, as defined by 39-71-117, under any appointment or contract of hire, express or implied, oral or written." The court needed go no further; Schimmel's status should have been determined with regard to this

provision.

¶9 The provision relied upon by the court to exclude Schimmel from the definition of "employee," § 39-71-118(10)(a), MCA, does not purport to define "employee," but rather expressly defines the phrase "'employee or worker in this state." It provides:

For purposes of this section, an "employee or worker in this state" means:

(a) a resident of Montana who is employed by an employer and whose employment duties are primarily carried out or controlled within this state.

Given the quotations surrounding the phrase "employer or worker in this state," we can only conclude that subsection 10 means exactly what it says, defining the phrase "employee or worker in this state" where that phrase occurs in § 39-71-118, MCA. Turning our attention to the other provisions of § 39-71-118, MCA, we find that this very same phrase is used in subsection 8, which provides:

(8) Except as provided in chapter 8 of this title, *an employee or worker in this state* whose services are furnished by a person, association, contractor, firm, limited liability company, limited liability partnership, or corporation, other than a temporary service contractor, to an employer, as defined in 39-71-117, is presumed to be under the control and employment of the employer. This presumption may be rebutted as provided in 39-71-117(3).

(Emphasis added.) Subsections 8 and 10 clearly must be read together. This conclusion is further supported by the fact that both subsections 8 and 10 were enacted together as part of Senate Bill 383. Subsections 8 and 10, in conjunction with § 39-71-117(3), MCA, serve to identify the employer responsible for workers' compensation coverage in those situations when an employee is furnished by one business to another. See § 39-71-118(8), MCA, (provides that an employer or worker in this state whose services are provided by an entity to an "employer" is presumed to be under the employment of the employer). *See* § 39-71-118(8), MCA (providing that an employee or worker in this state whose services are provided by one entity to another entity which fits the statutory definition of "employer" is presumed to be under the employment of the "employer"). Schimmel was not furnished to Jasper Express by another business. Therefore, we conclude that subsection 10 is not relevant to a determination of whether Schimmel was an "employee." Schimmel's status must be determined pursuant to § 39-71-118(1)(a), MCA.

¶10 As the Workers' Compensation Court correctly determined, there must be both a covered employee and a covered employer before the provisions of the Workers' Compensation Act apply. *See* § 39-71-401(1), MCA. A motor carrier "doing business in this state who uses drivers in this state is considered the employer [and] is liable for workers' compensation premiums." Section 39-71-117(4), MCA. Both Jasper Express and the Fund urge us to conclude that this provision was only meant to apply to Montana-based motor carriers. We decline to do so. Although the legislature could have easily done so, the statute is not limited on its face to Montana-based motor carriers. Rather, it refers to a motor carrier "doing business in this state who uses drivers in this state." It certainly takes no stretch of the statutory language to fit it around Jasper Express. Jasper Express used a Montana resident driver to pick up and drop off numerous loads in Montana. Nothing more is required.

¶11 We note that, as urged by all the parties, we have plumbed the depths of legislative history with regard to §§ 39-71-117 and -118, MCA. However, our search has borne no fruit. If the legislature had different intentions than those we have discerned above, we are at a loss to determine exactly what those intentions were.

¶12 Reversed and remanded.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

1. Because Schimmel's accident occurred in 1998, the 1997 version of the Workers' Compensation Act applies. *See Buckman v. Montana Deaconess Hosp.* (1986), 224 Mont. 318, 321, 730 P.2d 380, 382. Therefore, all statutory references will be to the 1997 version of the Act.