No. 01-098

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 250

BRUCE O. BEKKEDAHL, CYNTHIA
R. WOODS, and JOCK B. WEST,

        Plaintiffs and Appellants,

     v.

BARBARA McKITTRICK,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and for the County of Yellowstone,
                     The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

        James A. Patten, West, Patten, Bekkedahl & Green, Billings Montana

        For Respondent:

        Jack E. Sands, Billings, Montana

                         Submitted on Briefs:  August 16, 2001

                                 Decided:  November 19, 2002

Filed:

_____
                      Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Appellants Bruce Bekkedahl, Cynthia Woods, and Jock West appeal an order of the District Court for the Thirteenth Judicial District, Yellowstone County, granting Respondent Barbara McKittrick's motion to dismiss Appellants' complaints to foreclose on their attorney's liens on the basis that the complaints are barred by the statute of limitations.  We affirm.

¶2      We address the following issues on appeal:

¶3      1. Whether the District Court erred in determining that the statute of limitations began to run on the date Appellants last performed services for McKittrick.

¶4      2. Whether the District Court erred in determining that Rule 15(c), M.R.Civ.P., does not allow for the relation back of Appellants' claims.

¶5      3. Whether Appellants were stayed from foreclosing on the liens by the District Court in the underlying trust case.

## Factual and Procedural Background

¶6      In September 1990, McKittrick hired Appellants to assist her in gaining control of the funds in her trust which was then being administered by her son, Leon.  It is undisputed that Appellants last provided services to McKittrick in the trust case on February 22, 1995. Appellants subsequently withdrew and McKittrick hired other representation.

¶7      McKittrick paid Appellants on a regular basis prior to their withdrawal, but paid nothing thereafter.  Appellants claim that McKittrick owes them an additional $180,000 in attorney's fees, hence they filed liens for that amount in the trust case in July and September 1995, and moved to foreclose on those liens in April 1997.

¶8      On June 28, 2000, Appellant Bekkedahl filed his complaint to foreclose his lien for

2

attorney's fees under § 37-61-420(2), MCA, and, on June 29, 2000, Appellants Woods and West filed their complaint to foreclose their liens for attorney's fees under the same statutory authority. Because the two complaints were nearly identical, the District Court consolidated them. Thereafter, McKittrick filed a motion to dismiss the complaints contending that they were barred by § 27-2-202(2), MCA, the five-year statute of limitations for actions based upon an oral contract. On November 28, 2000, the District Court granted McKittrick's motion to dismiss. This appeal followed.

**Issue 1.**

¶9 *Whether the District Court erred in determining that the statute of limitations began to run on the date Appellants last performed services for McKittrick.*

¶10 In its November 28, 2000 Order and Memorandum, the District Court determined that the parties' attorney-client agreements were in the form of oral contracts made on September 1990, and that Appellants' cause of action began on February 22, 1995, the date on which Appellants last rendered services to McKittrick in the trust case. Thus, the court concluded that Appellants' complaints to foreclose their attorney's liens filed on June 28 and 29, 2000, were barred by the five-year statute of limitations provided in § 27-2-202(2), MCA: "The period prescribed for the commencement of an action upon a contract, account, or promise not founded on an instrument in writing is within 5 years."

¶11 In making this determination, the District Court relied on two prior decisions of this Court, *Walsh v. Hoskins* (1917), 53 Mont. 198, 162 P. 960, and *Baker v. Tullock* (1938), 106 Mont. 375, 77 P.2d 1035, for the proposition that an action for attorney's fees should be

asserted prior to judgment. Appellants contend on appeal that the District Court misconstrued these cases and that they actually stand for the idea that an attorney's lien is unenforceable until there are proceeds. Thus, Appellants contend that the statute of limitations in this case did not begin to run until May 4, 2000, when the trust case which the Appellants were hired to litigate was resolved and the trust assets were distributed. Until then, Appellants argue, no tangible property existed to which an attorney's lien could attach.

¶12 This Court's decision in *Walsh* was based upon § 6422, R.C.M. (1907), the predecessor to our current § 37-61-420(2), MCA, which provides:

> *From the commencement of an action* or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim which attaches to a verdict, report, decision, or judgment in his client's favor and the proceeds thereof in whose hands they may come. Such lien cannot be affected by any settlement between the parties before or after judgment. [Emphasis added.]

¶13 Contrary to Appellants' contentions, this Court stated in *Walsh*:

> We cannot assent to the doctrine that, independently of his client, an attorney cannot assert his lien prior to judgment or settlement. The statute declares that the lien attaches in favor of counsel for plaintiff from the commencement of the action. The method by which such lien may be enforced is not material in this action.

*Walsh*, 53 Mont. at 208, 162 P. at 963. Moreover, we stated in *Walsh* that if an attorney delays the assertion of a claim for an unreasonable time, that attorney might well be guilty of laches. *Walsh*, 53 Mont. at 209, 162 P. at 963.

¶14 Similarly, in *Baker*, we reiterated this Court's holding in *Walsh* that an attorney may assert his lien prior to judgment. *Baker*, 106 Mont. at 378, 77 P.2d at 1036 (citing *Walsh*, 53

4

Mont. at 208, 162 P. at 963). *Baker* was based upon § 8993, R.C.M. (1935), also a predecessor to § 37-61-420(2), MCA. Regarding § 8993, R.C.M. (1935), the Court in *Baker* stated:

> Section 8993 is a remedial statute which should be construed in advancement of the remedy, and "so as to secure and protect, and not defeat, the rights and objects intended by its provisions." It is competent for the Legislature to provide for an attorney's lien on the client's cause of action even though the cause of action is "an intangible, incorporeal something," and "the lien which the statute fixes on the plaintiff's right of action follows the transition, without interruption, and simply attaches to that into which the right of action is merged. If a judicial recovery is obtained, the lien attaches to that; if a compromise agreement is made, the lien attaches to that; and in each case the attorney's interest is such that it cannot be defeated or satisfied by a voluntary payment to his client without his consent."

*Baker*, 106 Mont. at 377-78, 77 P.2d at 1036 (citations omitted).

¶15    Hence, rather than limiting the rule on attorney's liens, this Court broadened it.

> The clause in our statute which starts with the words "which attaches" was not intended to restrict but to enlarge or extend the attorney's lien. Without that clause there was room for doubt as to whether the lien would extend to the verdict, report, decision or judgment. After judgment is recovered, the cause of action is merged in the judgment, and for that reason we think the Legislature added the phrase to make sure that the lien which theretofore existed on the cause of action should attach to the judgment and thereafter to the proceeds of the verdict, report, decision, or judgment.

*Baker*, 106 Mont. at 378, 77 P.2d at 1036.

¶16    Based on this Court's prior holdings in *Baker* and *Walsh*, we conclude that Appellants are incorrect in their assertion that the statute of limitations must run from the District Court's May 4, 2000 order resolving the trust case and distributing the trust assets because they could not foreclose upon their liens until there were proceeds from the trust case. As stated in both

5

*Baker* and *Walsh*, an attorney may assert a lien prior to judgment. *Baker*, 106 Mont. at 378, 77 P.2d at 1036; *Walsh*, 53 Mont. at 208, 162 P. at 963. And, an attorney's lien attaches to both the underlying trust action and to the judgment or proceeds from that action. *Baker*, 106 Mont. at 377-78, 77 P.2d at 1036.

¶17 Moreover, as McKittrick notes in her brief on appeal, § 71-3-122, MCA, provides that a lien is extinguished once the statute of limitations in the underlying claim expires. Appellants should have taken steps earlier to reduce their liens to judgment by filing suit to foreclose. Then, the judgment could have been enforced against any of McKittrick's assets, including those that were the subject of the trust action and the ten-year statute of limitations on judgments would have applied. Section 27-2-201, MCA.

¶18 Appellants also argue that, in the alternative, the statute of limitations did not begin to run until they were removed as McKittrick's attorneys. Appellants did not file their motion to withdraw until October 16, 1995, and the District Court did not file its order regarding that motion until December 7, 1995. Thus, Appellants were not removed as attorneys of record until December 7, 1995, which, according to Appellants, places their claims filed in June 2000, well within the five-year statute of limitations.

¶19 Appellants contention is not well taken. The term "accrue" means "[t]o come into existence as an enforceable claim or right." Black's Law Dictionary 21 (7th ed. 1999). Here, Appellants were entitled to enforce their claim for payment at the time services were rendered. They were not required to wait for payment, and certainly would have objected to waiting for payment, until such time as they withdrew as McKittrick's attorney. In fact, the

6

record indicates that McKittrick paid Appellants on a regular basis as services were rendered prior to Appellants' withdrawal.

¶20 In *Northern Mont. Hosp. v. Knight* (1991), 248 Mont. 310, 315, 811 P.2d 1276, 1279, we stated that a cause of action grounded in negligence accrues when the negligent act or omission occurs. Similarly, a cause of action involving payment for services rendered accrues when those services are rendered. *See Weston v. Montana State Highway Comm.* (1980), 186 Mont. 46, 606 P.2d 150; *Girson v. Girson* (1941), 112 Mont. 183, 114 P.2d 274.

¶21 Accordingly, we hold that the District Court did not err in determining that the statute of limitations began to run on the date Appellants last performed services for McKittrick.

**Issue 2.**

¶22 *Whether the District Court erred in determining that Rule 15(c), M.R.Civ.P., does not allow for the relation back of Appellants' claims.*

¶23 Appellants argued in the District Court and now on appeal that, pursuant to Rule 15(c), M.R.Civ.P., their June 2000 complaints to foreclose attorney's liens related back to their April 18, 1997 motions in the trust case for foreclosure of their attorney's liens, thus, their complaints are not barred by the statute of limitations. However, the District Court determined that Rule 15(c), M.R.Civ.P., provides no authority for allowing a complaint to relate back to a motion filed in a completely independent case. Moreover, the District Court determined that because Appellants are not amending a pleading, Rule 15(c), M.R.Civ.P., does not apply.

¶24 Rule 15(c), M.R.Civ.P., provides, in pertinent part:

7

**Relation back of amendments.** Whenever the claim or defense asserted in the *amended pleading* arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the *original pleading*, the amendment relates back to the date of the original pleading. [Emphasis added.]

¶25 In this case, there was neither an "amended" pleading nor an "original" pleading to relate back to. Instead, Appellants are attempting to relate their current pleading to a motion filed in another case. A pleading is defined as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." Black's Law Dictionary 1173 (7th ed. 1999). Whereas a motion is defined as "[a] written or oral application requesting a court to make a specified ruling or order." Black's Law Dictionary 1031 (7th ed. 1999). Hence, a motion is not a pleading and cannot later be amended by a later pleading to allow for relation back under Rule 15(c), M.R.Civ.P.

¶26 Furthermore, as McKittrick points out, all three of the cases cited by Appellants in their brief on appeal regarding Rule 15(c), M.R.Civ.P. (*Simmons v. Mountain Bell* (1990), 246 Mont. 205, 806 P.2d 6; *Priest v. Taylor* (1987), 227 Mont. 370, 740 P.2d 648; and *Tynes v. Bankers Life Co.* (1986), 224 Mont. 350, 730 P.2d 1115), involve amended pleadings and, therefore, do not support the proposition that Appellants now argue.

¶27 Accordingly, we hold that the District Court did not err in determining that Rule 15(c), M.R.Civ.P., does not allow for the relation back of Appellants' claims.

**Issue 3.**

8

¶28 *Whether Appellants were stayed from foreclosing on the liens by the District Court in the underlying trust case.*

¶29 The District Court entered an order on September 17, 1991, in the underlying trust case, staying distribution of assets without the court's approval. Later, on May 14, 1993, the court entered a stay of execution. Appellants maintain that the underlying trust case was not resolved until the court issued its May 4, 2000 order distributing the trust assets. Hence, Appellants contend that they were precluded from filing their attorney's liens until the court's order staying execution on the distribution of trust assets was removed.

¶30 McKittrick contends that this argument should be rejected because Appellants did not raise it in either of their briefs objecting to McKittrick's motion to dismiss in the District Court. Hence, McKittrick maintains that by failing to raise the issue of a stay in the District Court, Appellants have waived this argument on appeal.

¶31 The general rule in Montana is that this Court will not address either an issue raised for the first time on appeal or a party's change in legal theory. *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15 (citing *Day v. Payne* (1996), 280 Mont. 273, 276, 929 P.2d 864, 866). The basis for this general rule is that it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. *Unified Industries*, ¶ 15.

¶32 After examining the record in this case, we conclude that this issue was not raised, briefed or argued in the District Court. Therefore, we decline to address it.

¶33 Affirmed.

9

/S/ JAMES C. NELSON

We Concur:

/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ PATRICIA COTTER