CHIEF JUSTICE GRAY
concurring in part and dissenting in part. ¶78 I concur in the result the Court reaches. I respectfully dissent, however, from the approach used by the Court to resolve this appeal. ¶79 I appreciate the care with which the Court sets forth our past decisions in the liquidated damages arena. Moreover, I fully support this Court’s efforts in recent years to “square away” inconsistent or parallel lines of authority which cause ongoing difficulties for practitioners and trial courts. We generally, and properly, do so by analyzing why one line of authority is preferable and overruling other cases, in whole or in part, which are inconsistent therewith. See, e.g., Quantum Elec., Inc. v. Schaeffer, 2003 MT 29, 314 Mont. 193, 64 P.3d *129 1026; State v. Hardaway, 2001 MT 252, 307 Mont. 139, 36 P.3d 900; In re Estate of Bradshaw, 2001 MT 92, 305 Mont. 178, 24 P.3d 211; State v. Montoya, 1999 MT 180, 295 Mont. 288, 983 P.2d 937. In my view, we should continue that approach in the present case.
¶80 Here, the Court does not “square away” inconsistent lines of authority. It does not, as it indicates at ¶¶ 19 and 46, resolve the disparities in our case law on liquidated damages. Instead, the Court leaves the liquidated damages statute and our liquidated damages case law behind, and creates an entirely new approach to liquidated damages by incorporating case law from other contract settings, “cases from other jurisdictions and academic writing on the subject[.]”
¶81 I cannot agree. Neither party argued or briefed this approach in either the District Court or this Court. As I have stated many times before, I believe it is unwise and inappropriate for this Court to create and apply a new approach to an issue in a vacuum-that is, without full argument from the parties. See, e.g., Mallak v. State, 2002 MT 35, ¶ 32, 308 Mont. 314, ¶ 32, 42 P.3d 794, ¶ 32 (Gray, C.J., dissenting); In re Parenting of J.N.P., 2001 MT 120, ¶¶ 30-33, 305 Mont. 351, ¶¶ 30-33, 27 P.3d 953, ¶¶ 30-33 (Gray, C.J., dissenting); State v. LaMere, 2000 MT 45, ¶¶ 79-82, 298 Mont. 358, ¶¶ 79-82, 2 P.3d 204, ¶¶ 79-82 (Gray, J., specially concurring); State v. Worrall, 1999 MT 55, ¶¶ 61-64, 293 Mont. 439, ¶¶ 61-64, 976 P.2d 968, ¶¶ 61-64 (Gray, J., concurring and dissenting); Craig v. Schell, 1999 MT 40, ¶¶ 47-50, 293 Mont. 323, ¶¶ 47-50, 975 P.2d 820, ¶¶ 47-50 (Gray, J., dissenting). For this Court to proceed in such a fashion not only ignores the parties whose case is before us on appeal, it also ignores the findings of fact and conclusions of law entered by the trial courts whose work we are supposed to be reviewing.
¶82 How can we reconcile refusing to address an issue or theory raised by a party for the first time on appeal-see, e.g., Bryan v. Yellowstone Co. Elem. Sch. Dist. No. 2, 2002 MT 264, ¶ 19, 312 Mont. 257, ¶ 19, 60 P.3d 381, ¶ 19; Bekkedahl v. McKittrick, 2002 MT 250, ¶¶ 31-32, 312 Mont. 156, ¶¶ 31-32, 58 P.3d 175, ¶¶ 31-32; In re Estate of Bradshaw, 2001 MT 92, ¶ 33, 305 Mont. 178, ¶ 33, 24 P.3d 211, ¶ 33; Pearson v. Virginia City Ranches Ass’n, 2000 MT 12, ¶¶ 57-58, 298 Mont. 52, ¶¶ 57-58, 993 P.2d 688, ¶¶ 57-58; State v. Stewart, 2000 MT 379, ¶ 30, 303 Mont. 507, ¶ 30, 16 P.3d 391, ¶ 30; Baldauf v. Arrow Tank and Engineering Co., 1999 MT 81, ¶ 48, 294 Mont. 107, ¶ 48, 979 P.2d 166, ¶ 48; State v. Brown, 1999 MT 133, ¶¶ 19-20, 294 Mont. 509, ¶¶ 19-20, 982 P.2d 468, ¶¶ 19-20; Johnson v. Barrett, 1999 MT 594, ¶ 18, 295 Mont. 254, ¶ 18, 983 P.3d 925, ¶ 18; State v. Sattler, 1998 MT 57, ¶¶ 47-48, 288 Mont.
*130 79, ¶¶ 47-48, 956 P.2d 54, ¶¶ 47-48; Unified Industries v. Easley, 1998 MT 145, ¶¶ 15-18, 289 Mont. 255, ¶¶ 15-18, 961 P.2d 100, ¶¶ 15-18; State v. Adams (1997), 284 Mont. 25, 31, 943 P.2d 955, 958-59; Jones v. City of Billings (1996), 279 Mont. 341, 347, 927 P.2d 9, 13; Buhr v. Flathead County (1994), 268 Mont. 223, 237-38, 886 P.2d 381, 389-90-with raising an entirely new approach to a question of law ourselves and then applying it to a pending appeal? How can we reconcile requiring parties to advance authority for their arguments on appeal and refusing to consider arguments not so supported-see, e. g., Rule 23(a)(4), M.R.App.P.; Saari v. Winter Sports, Inc., 2003 MT 31, ¶ 14, 314 Mont. 212, ¶ 14, 64 P.3d 1038, ¶ 14; State v. Strauss, 2003 MT 195, ¶ 51, 317 Mont. 1, ¶ 51, 74 P.3d 1052, ¶ 51; In re Marriage of Clark, 2003 MT 168, ¶ 25, 316 Mont. 327, ¶ 25, 71 P.3d 1228, ¶ 25; In re Marriage of McMahon, 2002 MT 198, ¶¶ 5-6, 311 Mont. 175, ¶¶ 5-6, 53 P.3d 1266, ¶¶ 5-6; In re Estate of Spencer, 2002 MT 304, ¶ 20, 313 Mont. 40, ¶ 20, 59 P.3d 1160, ¶ 20; State ex rel. Mazurek v. District Court, 2000 MT 266, ¶ 31, 302 Mont. 39, ¶ 31, 22 P.3d 166, ¶ 31; State v. Anderson, 1999 MT 60, ¶ 21, 293 Mont. 490, ¶ 21, 977 P.2d 983, ¶ 21; State ex rel. Booth v. District Court, 1998 MT 344, ¶ 35, 292 Mont. 371, ¶ 35, 972 P.2d 325, ¶ 35; State v. Sol (1997), 282 Mont. 69, 76, 936 P.2d 307, 311; Rieman v. Anderson (1997), 282 Mont. 139, 147, 935 P.2d 1122, 1126-27; Small v. Good (1997), 284 Mont. 159, 163, 943 P.2d 1258, 1260; State v. Carter (1997), 285 Mont. 449, 461, 948 P.2d 1173, 1180-with then ignoring the parties’ supported arguments and striking out on our own “new and improved” approach to the law? I simply cannot understand having rules that apply to parties and trial courts and refusing to hold ourselves to the same kinds of rules.
¶83 “[I]t is our obligation to decide the cases filed in this Court on the basis of the issues and argument raised by the parties.” State v. Zabawa (1996), 279 Mont. 307, 318, 928 P.2d 151, 158 (Nelson, J., specially concurring). In the present case, I would do just that. I would reinvigorate the Morgen line of cases as the better reasoned line of precedent relating to liquidated damages, apply it to this case, and affirm the District Court on that basis. Thus, while dissenting from the Court’s rationale, I concur in the result reached.