No. 02-507

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 166N

LENNIE J. THOMPSON,

       Petitioner and Appellant,

   v.

LIBERTY NORTHWEST INSURANCE CORPORATION,

       Respondent and Respondent
       Insurer for,

ALPINE LOG HOMES,

       Employer.


APPEAL FROM:    Workers' Compensation Court, State of Montana,
                 The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

       Lennie J. Thompson (pro se), Hamilton, Montana

       For Respondent:

       Larry W. Jones, Carrie L. Garber, Liberty Northwest Insurance Corporation,
       Missoula, Montana


                 Submitted on Briefs:  February 24, 2004

                      Decided:  June 22, 2004

Filed:

                               Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2 Lennie Thompson (Thompson) appeals from the Workers' Compensation Court's Findings of Fact, Conclusions of Law and Judgment dated June 12, 2002, finding Thompson was bound by his existing vocational plan; he had already received the maximum amount allowed for travel to and from school; he had failed to show that further education was in his best interest; and he continued to be temporarily totally disabled (TTD) until December 26, 2000, and was entitled to further TTD benefits during those periods that he was not receiving rehabilitation benefits. We affirm.

## BACKGROUND

¶3 On January 17, 2002, Thompson appealed to the Workers' Compensation Court the Department of Labor and Industry's Order denying his Petition to Invoke the Provisions of § 39-71-610, MCA. On January 28, 2002, after a telephonic hearing, the Workers' Compensation Court denied Thompson's appeal regarding benefits under § 39-71-610, MCA, and ordered an emergency trial on the merits for Thompson's further claims under said statute. The Workers' Compensation Court held the emergency trial on February 28, 2002, and ruled from the bench that Thompson was not entitled to mileage reimbursement and that his claim for job placement services was moot since such services were being

2

presently provided. On June 12, 2002, after considering post-trial briefs from both parties, the Workers' Compensation Court issued its Findings of Fact, Conclusions of Law and Judgment holding that Thompson: (1) was bound by his current vocational plan; (2) had already received the maximum amount allowed for travel to and from school; (3) failed to show further education was in his best interest; and (4) continued to be TTD until December 26, 2000, thus entitled to further TTD benefits during those periods that he did not receive rehabilitation benefits. Thompson appeals from this Findings of Fact, Conclusions of Law and Judgment.

## DISCUSSION

¶4      This Court has said that a claimant has the burden of proof that he or she is entitled to benefits under the Workers' Compensation Act. *Hanks v. Liberty Northwest Ins. Corp.*, 2002 MT 334, ¶ 11, 313 Mont. 263, ¶ 11, 62 P.3d 710, ¶ 11. We review the Workers' Compensation Court's findings to determine whether they are supported by substantial credible evidence and review its conclusions of law to determine whether they are correct. *Schimmel v. Montana Uninsured Emp. Fund,* 2001 MT 280, ¶ 5, 307 Mont. 344, ¶ 5, 38 P.3d 788, ¶ 5. The general rule in Montana is that this Court will not address either an issue raised for the first time on appeal or a party's change in legal theory, because it is fundamentally unfair to fault the Workers' Compensation Court for failing to rule correctly on an issue it was never given the opportunity to consider. *See Bekkedahl v. McKittrick*, 2002 MT 250, ¶ 31, 312 Mont. 156, ¶ 31, 58 P.3d 175, ¶ 31.

¶5      Thompson argues that the Workers' Compensation Court erred when it determined that he had failed to illustrate that further education was in his best interest, failed to prove

he was under duress when he signed the rehabilitation plan, and failed to persuade the court that he was entitled to reimbursement for his computer purchase. However, after a careful review of the record, we conclude that Thompson merely presents allegations that are not supported by substantial credible evidence. Furthermore, he provides no case law to support his claims. Finally, Thompson alleges violation of his constitutional rights, specifically, he contends that numerous statutes deny him equal protection of the law. The record is devoid of such objections, and as a result of not raising these issues before the Workers' Compensation Court, Thompson waived his right to appeal them.

¶6 Accordingly, we conclude, pursuant to Section I, Paragraph 3(d)(I), Montana Supreme Court 1996 Internal Operating Rules, that the legal issues raised in this appeal are clearly controlled by settled Montana law; that there are no factual issues in dispute; and that the Workers' Compensation Court's conclusions of law are correct. We hold that there is substantial credible evidence to support the Workers' Compensation Court's Findings of Fact, Conclusions of Law and Judgment when it determined that Thompson was bound by his current vocational plan, had already received the maximum amount allowed for travel to and from school and failed to show further education was in his best interest.

¶7 Therefore, the Workers' Compensation Court's decision is affirmed.

/S/ JIM REGNIER

We Concur:

/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

4