FILED

December 31 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0132

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 378N

M. STACEY PALMER, M. STACEY PALMER TRUST,

Plaintiff and Appellant,

v.

ROBERT QUINN, AMF CONTRACTING,
SHAWN JOHNSTON, STEVE JOHNSTON,
and GARY PERREN and CITY OF THREE
FORKS, MAYOR GENE TOWNSEND, RAY
NOBLE and C & H ENGINEERING & SURVEYING,
INC. MARK CHANDLER, MATT COTTERMAN
AND JOHN DOES 1 THROUGH 20,

Defendants and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-09-1211B
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

M. Stacey Palmer, self-represented; San Pedro, California

For Appellees:

Jason T. Cutts; Attorney at Law; Belgrade, Montana (for Gary Perren)

Robert J. Quinn; Attorney at Law; Bozeman, Montana (for AFM
Contracting, Shawn Johnston, and Steven Johnston)

Alexander L. Roots, J. Robert Planalp; Landoe, Brown, Planalp & Reida,
PC; Bozeman, Montana (for City of Three Forks, Mayor Gene Townsend,
and Ray Noble)

Neil G. Westesen, Brad J. Brown; Crowley Fleck PLLP; Bozeman, Montana (for C&H Engineering & Surveying, Inc., Mark Chandler, and Matt Cotterman)

Submitted on Briefs: November 20, 2013

Decided: December 31, 2013

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     This case arises from a project to develop and subdivide a piece of real property owned by M. Stacey Palmer (Palmer) near Three Forks, Montana.  Palmer and her business partner, Gary Perren (Perren), hired C&H Engineering & Surveying, Inc. to be the project engineer and AFM Contracting for construction of underground infrastructure work.

¶3     The project failed in June 2001 after Palmer could not obtain sufficient financing.  Having completed considerable work, AFM filed a construction lien and a foreclosure action.  We upheld the validity of the construction lien in a 2007 appeal.  *Johnston v. Palmer*, 2007 MT 99, 337 Mont. 101, 158 P.3d 998.

¶4     The City of Three Forks owned a parcel in Palmer's subdivision that had been reserved for future use as a city street (Kentucky Street).  Palmer submitted a petition for the City to vacate the parcel, and the City Council voted to approve the petition on June 12, 2001.  The city took no further action concerning the Kentucky Street parcel

3

until 2009, when Palmer informed the City that her property was sold at a Sheriff's sale in December 2008 and requested that the City record the 2001 decision to vacate the Kentucky Street parcel. The City filed a resolution with the Gallatin County Clerk and Recorder's Office on February 27, 2009, recognizing the approved 2001 petition.

¶5 On December 18, 2009, Palmer filed a complaint in the District Court alleging negligence and contract claims against C&H Engineering and Surveying, Inc., and its owners Mark Chandler and Matt Cotterman (C&H Defendants); the City of Three Forks, Mayor Gene Townsend, and city clerk Ray Noble (Three Forks Defendants); AFM Contracting, its owners Shawn Johnston and Steven Johnston, and their lawyer Robert Quinn (AFM Defendants); and Perren.

¶6 The District Court granted the C&H Defendants', Three Forks Defendants', and AFM Defendants' motions for summary judgment on April 8, 2011, December 19, 2011, and November 21, 2012, respectively. Each was granted for primarily the same reason— expiration of the time allowed by the statutes of limitation for commencement of an action.

¶7 The allegations against Perren proceeded to a bench trial on December 5, 2012. On December 26, 2012, the court issued findings of fact, conclusions of law, and a judgment in favor of Perren. The court dismissed the majority of Palmer's claims against Perren because they were time-barred under the relevant statutes of limitation. The court determined that the only possible allegation that was not time-barred was the claim for a

breach of a written obligation based on a document signed by Perren. The court concluded, however, that the testimony established that the document was intended only to help Palmer secure financing and that, because there was no consideration given in exchange for Perren's signature on the document, it was not an enforceable contract.

¶8 Palmer appeals the judgments entered by the District Court. We review a district court's grant of summary judgment de novo, using the same criteria applied by the district court under M. R. Civ. P. 56. *Draggin' Y Cattle Co. v. Addink*, 2013 MT 319, ¶ 16, 372 Mont. 334, 312 P.3d 451. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c). We review a district court's findings of fact to determine if they are clearly erroneous and its conclusions of law to determine whether they are correct. *Byrum v. Andren*, 2007 MT 107, ¶ 14, 337 Mont. 167, 159 P.3d 1062.

¶9 A statute of limitations begins to run "when the claim or cause of action accrues." Section 27-2-102(2), MCA. A claim accrues "when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action." Section 27-2-102(1)(a), MCA.

¶10 Palmer's claims against all defendants were based generally upon negligence and breach of contract theories arising out of the failed real estate development project. A negligence action accrues "when the negligent act or omission occurs." *Bekkedahl v. McKittrick*, 2002 MT 250, ¶ 20, 312 Mont. 156, 58 P.3d 175 (citing *N. Mont. Hosp. v. Knight*, 248 Mont. 310, 315, 811 P.2d 1276, 1279 (1991)). Negligence claims are governed by a three-year statute of limitations. Section 27-2-204(1), MCA. A breach of contract action accrues at the time of breach, no matter when a party suffers damages. *Textana, Inc. v. Klabzuba Oil & Gas*, 2009 MT 401, ¶ 35, 353 Mont. 442, 222 P.3d 580. Breach of contract claims based on a written instrument must be brought within eight years, while claims based upon an oral agreement are limited to five years. Section 27-2-202, MCA. The applicable limitations period for "an action against a municipality arising from a decision of the municipality relating to a land use, construction, or development project" is six months. Section 27-2-209(5), MCA.

¶11 On appeal, Palmer argues that the ten-year statute of repose, § 27-2-208, MCA, should apply to her claims. Because Palmer raises this argument for the first time on appeal, we decline to address it. *Brookins v. Mote*, 2012 MT 283, ¶ 24, 367 Mont. 193, 292 P.3d 347. We note, however, that the statute of repose cannot revive a claim that otherwise is barred by the applicable statute of limitations. Section 27-2-208(5), MCA.

¶12 Neither C&H nor AFM performed work for Palmer after September 2001. No negligent act or omission and no breach of any contractual obligation related to the

6

project could have occurred after this time. Because no applicable statute of limitations is longer than eight years, we conclude that the claims in Palmer's December 2009 complaint against the C&H and AFM Defendants are time-barred.

¶13 The claims against the Three Forks Defendants arose out of the City's alleged failures to halt the project before 2001 and to properly abandon the Kentucky Street parcel. Palmer maintains that the City did not correctly vacate the parcel until 2009, when it recorded the approved petition. These claims both arise from "decision[s] of the municipality relating to a land use, construction, or development project." Section 29-2-209(5), MCA. As such, the claims against the Three Forks Defendants needed to be filed within six months. Even if Palmer had a cognizable claim arising from the City's February 2009 recording of the petition, her December 2009 filing was more than six months from this date and her claims against the Three Forks Defendants are time-barred.

¶14 Palmer argues that her claims against the AFM, C&H, and Three Forks Defendants did not expire because they arose from "continuing torts." The "continuing tort" theory applies only in cases where the tortious act can be reasonably abated. *Burley v. Burlington N. & Santa Fe Ry. Co.*, 2012 MT 28, ¶ 89, 364 Mont. 77, 273 P.3d 825. This theory generally applies to cases involving trespass or nuisance, where the tort is a "temporary injury that gives rise to a new cause of action each time that it repeats." *Burley*, ¶ 14. As discussed above, Palmer's claims accrued when the respective parties committed a negligent act or breached an agreement. Palmer does not demonstrate how

7

any act was abatable, and we conclude that the continuing tort theory is inapplicable to this case. Having determined that the relevant limitation periods had passed, we affirm the District Court's orders granting summary judgment to the AFM, C&H, and Three Forks Defendants.

¶15 The negligence, breach of fiduciary duty, and breach of oral contract claims against Perren also are barred by the applicable statutes of limitation. Palmer failed to present any evidence indicating that Perren was involved with the partnership or project after September 2001. The longest period of limitations available would be five years for the alleged breach of an oral contract claim; thus, Palmer's 2009 complaint is time-barred. The District Court's application of the law to these claims against Perren was correct.

¶16 The only claim that the District Court tried on the merits was Perren's alleged breach of a written agreement. This claim arose from a document entitled "Contract" that was signed by Perren and Palmer. The document referenced a note payable to Palmer in the amount of $100,000 and set forth a payment schedule that included a balloon payment due by September 2004. Perren explained that the document was created only to assist Palmer in obtaining financing through a financial institution. The potential lender denied the financing request on August 3, 2001. Palmer did not produce the underlying note referenced in the document and there is no evidence of it in the record. The District Court found that there was no intent for Perren to pay Palmer $100,000, that

8

no payments had been made or demanded under the purported note, and that the agreement lacked the required contractual element of consideration.

¶17 After listening to the testimony and reviewing the contract, the District Court found that Perren signed the document only in order to help Palmer obtain financing. Following a review of the record, we conclude that Palmer has not shown clear error in the District Court's findings regarding the parties' intent. Absent evidence of an exchange of funds or any underlying indebtedness by Perren, the District Court correctly concluded that there was no enforceable contract for lack of consideration. We affirm the District Court's judgment in favor of Perren.

¶18 As a final issue, the City of Three Forks requests that we order Palmer to pay for the City's attorney's fees and costs for defending an appeal "wholly without merit." The City is the only Defendant to request such relief. We generally do not impose sanctions unless the appeal "is entirely unfounded and intended to cause delay or unless [a party's] actions otherwise constitute an abuse of the judicial system." *Murphy Homes, Inc. v. Muller*, 2007 MT 140, ¶ 90, 337 Mont. 411, 162 P.3d 106. We decline to impose fees and costs in this case.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Application of the applicable statutes of limitation is controlled by settled principles of law, which the trial court correctly applied. The District Court's findings of fact are

supported by substantial evidence, and Palmer has not carried her burden of demonstrating on appeal that its conclusions are incorrect.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE